**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **SHEILA JOHNSON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-3031** |
| **v.** | * | |
| | * | |
| **TRANSWORLD SYSTEMS, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Self-represented plaintiff Sheila Johnson ("Plaintiff") filed this civil action against Transworld Systems, Inc. ("TSI" or "Defendant") in the District Court of Maryland for Baltimore City, Case No. D-01-CV-25-028187, asserting claims under the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and Maryland Consumer Debt Collection Act ("MCDCA"). TSI removed the case to this Court, *see* ECF No. 1, and Plaintiff filed an Amended Complaint, *see* ECF No. 8. TSI then moved to dismiss Plaintiff's Amended Complaint. *See* ECF No. 12. The motion to dismiss is fully briefed, *see* ECF Nos. 14 & 15, and does not require a hearing to resolve, *see* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the motion is granted, and the Amended Complaint is dismissed without prejudice.

## I. BACKGROUND

The following facts are drawn from the allegations in Plaintiff's pleadings and attached exhibits.

TSI is a debt collection company that provides information to consumer reporting agencies. ECF No. 8 ("Am. Compl.") ¶ 7. Plaintiff obtained her credit report from Experian and TransUnion. *Id.* ¶ 8. The report showed that TSI reported an "apartment debt." *Id.*[1] On March 15, 2025, Plaintiff disputed the debt and requested verification from TSI. *Id.* ¶ 9. TSI allegedly "failed to provide verification but continued to furnish the account to Experian and TransUnion as delinquent." *Id.* ¶ 10. According to Plaintiff, TSI also failed to "disclose that the allege[d] debt was time-barred under Maryland law and not legally enforceable." *Id.* ¶ 11.

Plaintiff attempted to obtain a mortgage in June 2025, but, she alleges, TSI's "inaccurate reporting" "hindered" the process and "requir[ed] [her] to change lenders[,]" causing delays, additional expenses, and emotional distress. *Id.* ¶ 12. Moreover, Plaintiff alleges, TSI's reporting made her credit score suffer, reduced her creditworthiness, and caused frustration and embarrassment. *Id.* ¶ 13.

On July 18, 2025, "the account was deleted from [Plaintiff's] credit report," which she alleges is an indication that TSI "could not verify the debt." *Id.* ¶ 14.

Additional facts drawn from exhibits attached to Plaintiff's State Court Complaint (ECF No. 3) and relevant to the Court's analysis will be discussed in Part III *infra*.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes an assertion that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader

[1] The "apartment debt" refers to Plaintiff's account with Metro Pointe Apartment Homes. *See* ECF No. 1-1 at 3, 5–8. According to documents attached to Plaintiff's State Court Complaint, Plaintiff had an outstanding balance with Metro Pointe of $3,684.14. *See id.* at 7.

is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). Although the Court is generally limited to the facts as alleged in the complaint in deciding a Rule 12(b)(6) motion, the court may consider "documents that are explicitly incorporated into the complaint by reference," and "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*,

822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) and Fed. R. Civ. P. 10(c)).

When considering a Rule 12(b)(6) motion, a court must take the factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

"[*P*]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

## III. DISCUSSION

### A. Count I: FCRA

In Count I of the Amended Complaint, Plaintiff alleges that TSI violated the FCRA by negligently and/or willfully failing to conduct a reasonable investigation after receiving notice of a dispute and by reporting inaccurate information. Am. Compl. ¶¶ 15–17. However, because Plaintiff did not notify a consumer credit reporting agency of the disputed debt, her claim under 15 U.S.C. § 1681s-2(b) fails and must be dismissed.“Congress enacted FCRA in 1970 out of concerns about abuses in the consumer reporting industry.” *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001). Among other things, the Act imposes certain duties on entities that furnish information to consumer reporting agencies, or “furnishers.”[2] But those duties are triggered only after the furnisher receives “notice pursuant to section 1681i(a)(2) of [Title 15] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency[.]” 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) “must be given by a credit reporting agency, and cannot come directly from the consumer.” *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (collecting citations); *see also Chiang v. MBNA*, 620 F.3d 30, 30 (1st Cir. 2010) (describing consumer credit reporting agencies as playing the role of a “gatekeeper” under the statutory scheme); *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App’x 87, 91 (3d Cir. 2017) (observing that although

[2] Although the FCRA does not define “furnisher,” courts generally understand the term to refer to “any entity . . . that provides information about its customers to [consumer reporting agencies], including information about a customer’s payments on their accounts.” *Gadson v. Experian Info. Sols., Inc.*, No. 2:23-CV-00029-BHH-MHC, 2024 WL 3745476, at *1 (D.S.C. July 18, 2024), *report and recommendation adopted*, 2024 WL 3742464 (D.S.C. Aug. 9, 2024) (quoting *Saunders v. Equifax Info. Servs., L.L.C.*, No. 3:05 CV 731, 2006 WL 2850647, at *1 (E.D. Va. Oct. 3, 2006), *aff’d sub nom. Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142 (4th Cir. 2008)); *see also* 16 C.F.R. § 660.2(c) (“Furnisher means an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.”).

a consumer may notify a furnisher directly about his dispute, "there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute"). Once a consumer credit reporting agency ("CRA") provides the required notice, the furnisher must

> (1) investigate the disputed debt; (2) review all relevant information provided by the credit agency; (3) report the results of the investigation to the credit agency; and (4) if the investigation finds that the information was incomplete or inaccurate, report those results to all other credit agencies and modify or delete the information, as appropriate.

*Banerjee v. Nationwide Recovery Serv., Inc.*, Civ. No. PX-20-2751, 2022 WL 17552529, at *3 (D. Md. Dec. 9, 2022), *aff'd,* No. 22-2323, 2023 WL 6410943 (4th Cir. Oct. 2, 2023) (citing 15 U.S.C. § 1681s-2(b)(1)).

To state a claim under § 1681s-2(b), a plaintiff must allege "(1) that she notified a CRA of the disputed information, (2) that the CRA notified the [d]efendant furnisher of the dispute, and (3) that the furnisher then failed to reasonably investigate and modify the inaccurate information." *Long v. Pendrick Cap. Partners II, LLC*, 374 F. Supp. 3d 515, 527 (D. Md. 2019) (citing *Johnson v. MBNA Am Bank, NA*, 357 F.3d 426, 430–31 (4th Cir. 2004))).

Here, Plaintiff fails to state a claim because she does not allege that she disputed the apartment debt with a CRA. The documents attached to Plaintiff's State Court Complaint show that she sought assistance from the Consumer Financial Protection Bureau ("CFPB"). *See* ECF No. 3 at 12–14. "[B]ut the Bureau is not in the business of assembling and evaluating consumer credit information, and is thus not a 'consumer reporting agency' under the FCRA." *Harris*, 696 F. App'x at 91. Rather, the CFPB is an "Executive agency established within the Federal Reserve System to 'regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws.'" *Id.* (quoting 12 U.S.C. § 5491(a)); *see also Greene v. LexisNexis Risk Sols. Inc.*, Civ. No. 23-3107 (RMB-EAP), 2024 WL 471573, at *3 (D.N.J. Feb. 7,

2024) (dismissing § 1681s-2(b) claim where the plaintiff disputed information through the CFPB rather than a consumer reporting agency). A complaint submitted to the CFPB does not trigger a furnisher's duties under § 1681s-2(b).

Unfortunately, Plaintiff's communication with the Maryland Department of Labor, *see* ECF No. 3 at 25–26, 30–31, fares no better. The FCRA defines a "consumer reporting agency" as an entity that regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties. *See* 15 U.S.C. § 1681a(f). The Maryland Department of Labor is a state regulatory agency responsible for administering Maryland's labor and employment laws—not an entity that compiles or furnishes consumer credit reports.

In sum, because Plaintiff does not allege that she disputed the debt at issue through a CRA, the Amended Complaint lacks any plausible allegation that TSI's duties under § 1681s-2(b) were triggered. Therefore, Count I must be dismissed.

**B. Count II: FDCPA**

In Count II of her Amended Complaint, Plaintiff alleges that TSI violated 15 U.S.C. §§ 1692e and 1692f by (a) reporting a debt it could not verify and (b) failing to disclose the debt was time-barred. Her allegations fail to state a plausible claim under the FDCPA.

Congress enacted the FDCPA "to protect consumers from debt collectors who engage in 'abusive, deceptive, and unfair debt collection practices,' and 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Hart v. Pac. Rehab of Maryland, P.A.*, Civ. No. ELH-12-2608, 2013 WL 5212309, at *8 (D. Md. Sept. 13, 2013) (quoting 15 U.S.C. § 1692(e) and citing *United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th Cir. 1996)). "To state a claim under the FDCPA, the consumer must allege in her complaint that: (1) the defendant is a 'debt collector' under the FDCPA; (2) the consumer is the 'object of a collection activity arising from consumer debt'; and (3) 'the defendant engaged in

debt collection activity prohibited by the FDCPA.'" *Piper v. Meade & Assocs., Inc.*, 282 F. Supp. 3d 905, 911 (D. Md. 2017) (quoting *Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013)).

Plaintiff argues that TSI violated § 1692e(8) by failing to verify the apartment debt. *See* ECF No. 14 at 3. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(8) specifically prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

To begin, Plaintiff's allegation that TSI reported a debt that it could not verify is belied by the documents attached to her initial Complaint. *See* ECF No. 3 at 7–18 (TSI letters dated Apr. 27, 2025, and May 16, 2025, and enclosed account documentation).[3] In response to Plaintiff's request to verify the reported debt, TSI provided materials obtained from Plaintiff's creditor, including what appears to be a statement from Metro Pointe bearing Plaintiff's name, a lease number, an itemized list of outstanding charges, and a summary of move out charges. *See id.* These documents, which Plaintiff submitted, undermine her allegations. *See Macsherry v. Sparrows Point, LLC*, Civ. No. ELH-15-00022, 2015 WL 6460261, at *4 (D. Md. Oct. 23, 2015) ("[W]hen the bare allegations of the complaint conflict with any exhibits or other documents . . . the exhibits or documents

[3] Plaintiff's suggestion that the Court may not consider exhibits attached to her original State Court Complaint lacks merit. ECF No. 14 at 5. In resolving a Rule 12(b)(6) motion, courts may consider documents attached to the complaint, as well as documents attached to a motion to dismiss when they are integral to the complaint and their authenticity is undisputed. *See Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 710 (D. Md. 2013). Moreover, Local Rule 103.6(b) provides that, unless otherwise ordered, an amended pleading need only attach newly added exhibits. Thus, the exhibits filed with Plaintiff's original State Court Complaint remain properly before the Court. Finally, where allegations conflict with an exhibit attached to the complaint, the exhibit controls. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166–67 (4th Cir. 2016).

prevail." (quoting *Fare Deals Ltd. v. World Choice Travel Com, Inc.,* 180 F. Supp. 2d 678, 683 (D. Md. 2001)).

More importantly, the FDCPA does not impose an independent obligation on a debt collector to verify a debt after receiving notice of a dispute if the collector makes no further attempt to collect the debt. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007) ("It would make little sense to impose an independent obligation to verify an alleged debt on a collector who, for example, decides a disputed debt is not worth the effort and chooses to close or sell the account."); *Gray v. Am. Coradius Int'l, LLC*, No. 4:11cv125, 2011 U.S. Dist. LEXIS 152542, at *4 (E.D. Va. Nov. 23, 2011) ("A failure to verify a debt does not itself constitute a FDCPA violation if the debt collector takes no further action."). Here, after Plaintiff disputed the apartment debt, TSI informed her that it placed her account in restrictive status and expressly advised her that it intended to have no further communication with her regarding the account. ECF No. 3 at 14; *see also Bender v. Elmore & Throop, P.C.*, 530 F. Supp. 3d 566, 574 (D. Md. 2021) ("Under 15 U.S.C. § 1692c(c) a debt collector is prohibited, subject to several exceptions not relevant here, from communicating with a consumer 'with respect to' a debt if the consumer 'notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer[.]'"). Such correspondence, responding to Plaintiff's dispute rather than seeking to induce payment, was not a communication made "in connection with the collection of any debt[,]" within the meaning of § 1692e. *See id.* at 575 (explaining that a communication is made in connection with debt collection when it is intended to induce the debtor to settle the debt); *Casault v. Fannie Mae*, 915 F. Supp. 2d 1113, 1127 (C.D. Cal. 2012) ("Under the FDCPA, a letter that does not demand payment but simply informs the borrowers of the status of their account is not considered communication 'in the collection of a

claim.'"). Plaintiff does not plausibly allege that TSI had any further obligation to verify the debt after it ceased collection activity.

Plaintiff's reliance upon *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010), is misplaced. There, the court held that the defendant violated the FDCPA by reporting the plaintiff's disputed debt to CRAs without having verified the debt after receiving notice of the plaintiff's dispute. *Id.* at 1035–36. But the court also made clear that "a debt collector who receives a written dispute of a debt from a consumer need not verify the debt at all, but can instead cease efforts to collect the disputed debt." *Id.* at 1036 (citing *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 483 (7th Cir. 1997)). Thus, the problem in *Edeh* was not simply that the defendant reported the debt to the CRAs. Rather, the defendant continued its collection efforts by reporting the disputed debt without first complying with the FDCPA's requirements concerning disputed debts.

The allegations here are different. TSI reported the debt to the CRAs. After checking her credit report, Plaintiff notified TSI that she disputed the debt. In response, TSI notified Plaintiff that it had requested that the information furnished to the CRAs be updated to reflect her dispute. *See* ECF No. 3 at 7. Thus, unlike in *Edeh*, TSI did not report the debt without acknowledging a known dispute. Plaintiff therefore cannot rely on *Edeh*, or the other cases she cites, to establish that TSI's conduct constituted prohibited debt-collection activity.[4]

Plaintiff's allegation that TSI violated § 1692e by attempting to collect a time-barred debt likewise fails. The FDCPA prohibits false or misleading representations regarding the legal status

---

[4] As support for her argument that TSI engaged in prohibited debt-collection activity because reporting a debt to a CRA is, by itself, debt-collection activity, Johnson cites *Edeh*, *Sayles v. Advanced Recovery Systems, Inc.*, and *Clark v. Credit Bureaus, Inc*. But the Court has been unable to locate the *Clark* opinion using Plaintiff's citation, and the quotations Plaintiff attributes to *Edeh* and *Sayles* do not appear in those opinions. More importantly, neither of these cases supports Johnson's categorical proposition that reporting a debt to a CRA, without more, constitutes prohibited debt-collection activity.

of a debt, including threatening litigation on a debt known to be time-barred. *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 527 (D. Md. 2001); *see also* 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of . . . the . . . legal status of any debt"). But merely seeking voluntary payment of a stale debt, without threatening suit or misrepresenting the debt's enforceability, does not violate the FDCPA because the statute of limitations extinguishes only the remedy—not the debt itself. *Wallace*, 168 F. Supp. 2d at 528. Plaintiff alleges only that litigation to enforce the debt was time-barred. She does not allege that TSI threatened litigation, demanded payment, represented that the debt remained legally enforceable, or otherwise attempted to induce payment.

Finally, Plaintiff fails to allege a plausible violation of § 1692f. That provision prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although the statute does not define "unfair or unconscionable," it provides a non-exhaustive list of prohibited conduct. *See Lembach v. Bierman*, 528 F. App'x 297, 303 (4th Cir. 2013). Plaintiff does not allege that TSI engaged in any prohibited act in the list or any other "unfair or unconscionable" means of collecting the apartment debt.

Courts in this District routinely dismiss § 1692f claims that merely repackage alleged violations of other FDCPA provisions. *See Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) (dismissing § 1692f claim where the plaintiff alleged no conduct "separate and distinct" from the alleged § 1692e violations); *Willis v. Green Tree Servicing, LLC*, Civ. No. WMN-14-3748, 2015 WL 1137681, at *7 (D. Md. Mar. 12, 2015) ("[A] complaint will be deemed deficient under this provision if it 'does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA.'" (quoting *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 782 (E.D.N.C. 2011))). Here, Plaintiff's § 1692f claim rests on the same allegations underlying her §

1692e claim—namely, that TSI failed to verify a debt and attempted to collect it despite the debt being time-barred.

Because Plaintiff alleges no plausible "unfair or unconscionable means" that TSI used to collect the apartment debt, her § 1692f claim fails. Count II is dismissed.

### C. Count III: MCDCA

In Count III of the Amended Complaint, Plaintiff alleges that TSI violated the MCDCA by "report[ing] an unverified and time-barred debt, knowing it had no legal right to enforce it." Am. Compl. ¶ 23. TSI argues that Plaintiff's MCDCA claims are preempted by the FCRA. *See* ECF No. 12-1 at 10. Plaintiff responds that the MCDCA targets collection conduct, not furnishing of credit data, and therefore her claim is not preempted. *See* ECF No. 14 at 4.

The FCRA expressly states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). "Plainly, the FCRA preempts all state statutory claims 'arising from reporting inaccurate information to credit reporting agencies.'" *Brown v. Credit One Bank, N.A.*, Civ. No. PX-23-2512, 2024 WL 3993194, at *3 (D. Md. Aug. 28, 2024) (quoting *Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 388–389 (D. Md. 2019)). Accordingly, courts routinely dismiss MCDCA claims based on allegedly inaccurate credit reporting as preempted by the FCRA. *See Queen v. LVNV Funding, LLC*, Civ. No. LKG-24-02237-LKG, 2025 WL 2532710, at *5 (D. Md. Sept. 3, 2025) (collecting citations); *Brown*, 2024 WL 3993194, at *3 (reasoning that plaintiff's MCDCA claims "run into the teeth of the FCRA preemption provision," such that amendment would be futile (citing *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015))).

Here, Plaintiff's MCDCA claims—not withstanding her characterization that they are based on debt collection activities—are based entirely on TSI's alleged inaccurate reporting of the apartment debt to consumer reporting agencies. Because the claims arise from conduct regulated by § 1681s–2, they are expressly preempted by § 1681t(b)(1)(F). Thus, Plaintiff's MCDCA claims are preempted and are dismissed with prejudice.

## IV. ORDER

For the reasons discussed above, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 12) is GRANTED;
2. Counts I and II of the Amended Complaint are DISMISSED without prejudice;
3. Count III of the Amended Complaint is DISMISSED with prejudice; and
4. The Clerk SHALL CLOSE this case and SHALL SEND a copy of this Memorandum Opinion and Order to Plaintiff and counsel for Defendant.

It is so ORDERED this 31st day of August, 2026.

/S/
Matthew J. Maddox
United States District Judge